IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES D. FRAPPIER,

            Plaintiff,                            ORDER

    v.                                                  09-cv-0445-bbc

MICHAEL J. ASTRUE,
Commissioner of Social Security,

            Defendant.

---

This is a civil action brought by plaintiff James Frappier to challenge a decision by the Commissioner of Social Security. Defendant Michael J. Astrue has moved to dismiss plaintiff's complaint as untimely because plaintiff had until June 29, 2009 in which to file it but did not do so until July 14, 2009. Plaintiff responds that he attempted to file his complaint on June 19, 2009 by faxing a request to this court.

Under the Social Security Act and its implementing regulations, a person who wishes to obtain judicial review of an adverse decision of the commissioner must file a civil complaint within 60 days after the Appeals Council denies review. 42 U.S.C. § 405(g); 20 C.F.R. § 422.210(c). However, "the 60-day requirement is not jurisdictional, but rather constitutes a period of limitations," Bowen v. City of New York, 476 U.S. 467, 478 (1986) (citations omitted), which is subject to equitable tolling, id. at 480-81. Under the doctrine of equitable tolling, a person's failure to file a civil complaint within the time specified may be excused if he or she can show that he was prevented from filing by extraordinary circumstances beyond his control. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

In this case, the appeals council denied plaintiff's request for review on April 23, 2009. The date of receipt of the notice is presumed to be five days after the date of such notice, unless a reasonable showing to the contrary is made to the Appeals Council. 20 CFR. §§ 404.091,

416.1401, 422.210(c). In other words, plaintiff had 65 days from April 23 in which to file his complaint in this court, which would have been Monday, June 29, 2009, the first business day after the 65 days expired. He did not file for fifteen days after that.

Plaintiff's untimely filing may be excused under the doctrine of equitable tolling if he can show that he was prevented from filing his complaint by extraordinary circumstances beyond his control. In his response, plaintiff states that he began the attempt to file his complaint in this court on June 19, 2009. He spoke with someone in the clerk of court's office asking how to file his complaint. He then faxed a copy of the Notice of Appeals Council Action with notes on it to the clerk of court's office. However, he did not file his complaint and motion to proceed <u>in forma pauperis</u> until July 14, 2009. Although plaintiff says that he had no income or transportation, he does not explain why these two conditions prevented him from inquiring how to file his complaint in this court until almost the end of the 65-day period. Unfortunately for plaintiff, his assertions show that he was not acting with the diligence necessary to permit this court to excuse his failure to file his complaint within the 60-day limitations period prescribed by the Social Security Act. None none of his explanations suggest the sort of "extraordinary circumstances" that would merit equitable tolling. <u>See</u>, <u>e.g.</u>, <u>Lawrence v. Florida</u>, 549 U.S. 327, 336-37 (2007) (confusion and counsel error in calculating the limitations period falls "far short of showing extraordinary circumstances necessary to support equitable tolling"); <u>Arrieta v. Battaglia</u>, 461 F.3d 861, 867 (7th Cir. 2006) (lack of legal expertise no basis for equitable tolling); <u>Wilson v. Battles</u>, 302 F.3d 745, 748 (7th Cir. 2002) (litigant's or attorney's mistake or confusion is not extraordinary circumstance). Because plaintiff is not entitled to equitable tolling in this case, defendant Astrue's motion to dismiss plaintiff's complaint as untimely will be granted.

ORDER

IT IS ORDERED that the motion of defendant Michael Astrue, Commissioner of Social Security, to dismiss the complaint as untimely is GRANTED. The clerk of court is directed to enter judgment for defendant and close this case.

Entered this 6th day of May, 2010.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge